UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

**Eastern District of Kentucky**
FILED

JAN 3 1 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-131-GWU

ROY PITTS,                                                    PLAINTIFF,

VS:                              MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT,

## INTRODUCTION

Roy Pitts brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to step 4.  If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes,

1

the claimant is disabled.   If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled.   If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?   If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.   Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.   This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.   Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).   This presumes, of course, that the treating physician's opinion is based on objective medical findings.   Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. 404.1521, 416.921.  The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).  It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).  Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."    20  C.F.R.  404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Pitts, a 37 year-old former diesel mechanic's helper, night watchman, and self-employed lawn care worker with a high school education, suffered from impairments related to being status post right hand fracture with contractures, disuse syndrome, and reflex sympathetic dystrophy with atrophy.   (Tr. 14-15).   Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 18).  Since the claimant would still be able to perform his past work as a night watchman, he could not be considered totally disabled. (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Pitts could return to his past relevant work as a night watchman, the ALJ relied heavily upon the opinion of Vocational Expert Daryl Martin.  The hypothetical question presented to Martin included an exertional

5

limitation to light level work along with such non-exertional restrictions as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally balance, stoop, kneel, crouch, or crawl; and (3) a "very limited" use of the right hand but able to reach, handle and feel with the left hand. (Tr. 319-320). In response, the witness indicated that the past work as a night watchman could still be done. (Tr. 320). Therefore, assuming that the vocational factors considered by Martin fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical factors fairly depicted Pitts's status. Such treating and examining sources of record as, Dr. Roy Varghese (Tr. 142-148), Dr. George Williamson (Tr. 149-162), the staff at Appalachian Regional Healthcare (Tr. 164-176), and Dr. Usha Polisetty (Tr. 214-216) did not identify the existence of more severe physical restrictions than those found by the ALJ. Dr. Travis Lawson of Simon and True Medical Consultants did advise the plaintiff to avoid driving or operating heavy equipment while using his pain medication. (Tr. 208). This restriction was omitted from the hypothetical question. However, the claimant has not argued that this additional limitation would preclude performance of his past relevant work and the Section 372.667-034 of the Dictionary of Occupational Titles does not indicate that these activities would be required. Finally neither Dr. Kenneth Phillips (Tr. 163) nor Dr. Parandhamulu Saranga (Tr. 177), the non-examining medical reviewers, thought that Pitts suffered from a "severe" physical impairment. Therefore, the ALJ dealt properly with the evidence of record relating to the plaintiff's physical condition.

Pitts argues that the ALJ erred in finding that he did not suffer from a "severe" mental impairment. The staff at the Kentucky River Comprehensive Care Center, the claimant's treating source, did not impose any mental

6

restrictions. (Tr. 221-242). The plaintiff was actually encouraged to increase his activity level. (Tr. 221). Dr. Cesar Agtarap performed a mental status examination and indicated that it was within normal limits. (Tr. 213). Dr. Agtarap rated Pitt's Global Assessment of Functioning (GAF) at 70. (Tr. 213). Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994). Psychologist William Rigby, another examiner, noted that the plaintiff was free of major mental illness. (Tr. 182). Psychologist Lea Perritt, a non-examining medical reviewer opined that the claimant did not suffer from a "severe" mental impairment. (Tr. 185). These reports provide substantial evidence to support the administrative decision.

Psychologist Neil Lewis testified as a Medical Advisor at the April, 2003 hearing. Lewis did identify a number of mental restrictions at the "fair" level. (Tr. 199-201). Even if this opinion were deemed to support the existence of a "severe" mental impairment, it would be outweighed by the aforementioned evidence of record. Furthermore, it is unclear whether these specific restrictions would preclude the plaintiff's past work.

Pitts also argues that the ALJ erred in determining that he could return to his past relevant work as a night watchman. The plaintiff asserts that he was required to perform a number of activities such as running pumps, repairing beltlines, and carrying buckets of water and anti-freeze which would preclude this work. (Tr. 114). However, the administrative regulations indicate that the past work can considered "either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. Section 416.1560(b)(2). In the present action, the vocational expert specifically testified that the past work could still be done as performed in the national economy. (Tr. 320). Therefore, the

7

Court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _31_ day of January, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8